IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON SCOTT, individually and on behalf of others similarly situated <br>     Plaintiff <br><br> v. <br><br> VERYABLE, INC., and MEDLINE INDUSTRIES, INC. <br>     Defendants | § § § § § § § § § § § | CIVIL ACTION NO. |

**PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION**

Plaintiff Sharon Scott, individually and on behalf of others similarly situated, brings this Original Complaint against Defendants and shows as follows:

**I. SUMMARY[1]**

1. This is an action for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiff works for Defendants as an hourly-paid warehouse laborer. Before January 2019, she regularly worked more than 40 hours per workweek, and Defendants did not pay her an overtime premium of at least one and one-half times her regular rate for hours worked over 40 in a workweek.

2. Plaintiff is not alone in being a victim of Defendants' illegal pay practices. She is one of more than 100 warehouse laborers misclassified as an independent contractor and denied overtime pay at Defendant Medline's Wilmer, TX distribution center.

3. All of the warehouse laborers placed to work at Defendant Medline's Wilmer

---

[1] The averments contained in this Complaint are made upon information and belief. Wherever it is alleged that Defendants Veryable and Medline did any act or thing, it is alleged that Defendant Veryable and Medline did such act or thing by or through its principals, agents, representatives, employees, officers, managers, and/or affiliates, and that such act or thing was done within the scope of such person's employment and authority, and with the knowledge, participation, approval and ratification of Defendant Veryable and Medline and the persons and/or entities that control and operate Defendant Veryable and Medline.

Plaintiff's Original Complaint – Collective Action – Page 1

distribution center have been denied payment of overtime compensation when their work hours exceeded 40 in a workweek.

4. Plaintiff brings this action on behalf of herself and other similarly situated employees to recover back wages, an equal amount of liquidated/double damages, attorney fees, interest, and costs.

## II. PARTIES

5. Plaintiff Sharon Scott is an individual residing in Dallas County, TX. She consents to be a party plaintiff in this action.

6. Class Members are warehouse laborers placed by Defendant Veryable (or any other labor placement firm) at Defendant Medline's Wilmer, TX distribution center who within the preceding three years worked over 40 hours in a workweek and did not receive an overtime premium of at least one and one-half times his/her regular rate for hour all hours worked over 40 in a workweek.

7. Defendant Veryable, Inc. is a foreign for-profit corporation that actively conducts business in the state of Texas, including in this district. Defendant Veryable's principal place of business in this district is on Lamar St. in Dallas, TX 75202. **Defendant Veryable may be served with process by serving its registered agent, Corporate Creations Network Inc., 2425 W. Loop South #200, Houston, TX 77027**. Defendant Veryable also may be served with process by serving its president or any of its vice presidents pursuant to TEX. BUS. ORGANIZATIONS CODE § 5.255.

8. Defendant Medline Industries, Inc. is a foreign for-profit corporation that actively conducts business in the state of Texas, including in this district. **Defendant Medline may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th**

**Street, Suite 620, Austin, TX 78701-3136 USA**.

### III. JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action because Plaintiff asserts a claim arising under federal law. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, and Defendants conduct business in this district.

### IV. COVERAGE

10. At all times material to this action, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiff and Class Members during the relevant time period.

11. At all times material to this action, Defendants have constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had at least two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Within the three years preceding this action, Defendant Medline's annual gross sales have exceeded $500,000 in each year and Defendant Medline has employed more than two employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in interstate commerce.

13.     Within the two years preceding this action, Defendant Veryable's annual gross sales have exceeded $500,000 in each year and Defendant Veryable has employed more than two employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in interstate commerce.

14.     All times hereinafter mentioned, Plaintiff and Class Members were employees of Defendants engaged in commerce or in the production of goods for commerce as defined by the FLSA. Plaintiff and Class Members, as warehouse laborers, regularly handle, pick, and/or sort goods that have been or will be moved in or produced for interstate commerce. This includes, but is not limited to, Defendant Medline's medical supplies and products.

## V. FACTUAL BACKGROUND

15.     According to its website, Defendant Medline is the largest privately held manufacturer and distributor of medical supplies. It operates over 50 distribution centers worldwide, including an 800,000 square foot distribution warehouse at 1 Medline Dr., Wilmer, TX 75172, which is situated in Dallas County, TX.

16.     In the past three years, Defendant Medline has employed over 100 warehouse laborers at the Wilmer location it classified as independent contractors to pick and pack customer orders.

17.     Defendant Veryable is a labor placement firm that purports to use an app to place laborers in manufacturing, distribution, and logistics jobs located in its customers' workplaces. According to Defendant Veryable's website, its mission statement is to:

> … revitalize the manufacturing sector by allowing businesses to 'variablize' labor costs in small increments and incur these costs in direct proportion to output. The goal is to unshackle businesses and allow them to scale while maintaining a lower and more constant cost structure. Our technology enables us to transform an antiquated and inefficient labor market – creating

> a real-time marketplace for labor that will put more people to
> work and relieve the burden on producers, improving overall
> productivity and enabling organic growth.

18.     Defendant Medline is a customer of Defendant Veryable.

19.     Defendant Veryable screens potential laborers for Defendant Medline by obtaining the laborer's photo and tax information, and performing a background check. Defendant Veryable also maintains tax and employment-related data and records on these laborers.

20.     Defendant Veryable provides general liability, business liability, and workers' compensation insurance to cover the laborers' work at Defendant Medline.

21.     Defendant Veryable pays laborers for the work they perform at Defendant Medline's Wilmer facility the next day (except for work on weekends, when payment is made the following Monday).

22.     Defendant Veryable's customers, such as Defendant Medline, are charged for the workers' direct labor cost plus a surcharge. According to Defendant Veryable's website, Defendant Veryable will "manage all other operator costs, such as payroll taxes, insurance, and other operator benefits."

23.     One of the chief benefits that Defendant Veryable purports to offer to its customers, such as Defendant Medline, is lower labor costs. Defendant Veryable and its customers achieve this by classifying all of the laborers as independent contractors, not making paying federal and state employment taxes on their wages, and – most importantly for purposes of this action – not paying overtime compensation to the laborers.

24.     Since Defendant Medline became a customer of Defendant Veryable, over 100 of Defendant Veryable's warehouse laborers have worked for Defendant Medline at the Wilmer distribution center.

25. Plaintiff is one of Defendant Veryable's warehouse laborers working at the Wilmer distribution center.

26. Plaintiff has been employed by Defendant Veryable while working at the Wilmer distribution center.

27. Plaintiff also has been employed by Defendant Medline while working at the Wilmer distribution center.

28. Plaintiff started working for Defendants at the Wilmer distribution center in June 2018.

29. Plaintiff's primary job duties include picking and processing Defendant Medline's customer orders. She uses an RF scanner to perform her work. Her job duties and the order they are to be performed in are determined by Defendant Medline's automated system. The automated voice providing her instruction is sometimes called "Jennifer" and the instructions are relayed to a Bluetooth headset worn by Plaintiff. Both the RF scanner and headset that Plaintiff and other Class Members use are furnished by Defendant Medline.

30. Until January 2019, Defendants regularly scheduled Plaintiff to work 40 hours in a workweek at Defendant Medline's distribution warehouse. Due to the needs of the business, however, Plaintiff's actual hours worked varied and frequently exceeded 40 hours is a seven-day workweek.

31. Defendant Veryable paid Plaintiff for work she performed at Defendant Medline's distribution warehouse an hourly rate of $15.00 per hour.

32. All of Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center also are paid by the hour.

33. Defendants were aware of Plaintiff working more than 40 hours in a week for

as Defendants paid Plaintiff at an hourly rate of pay for the hours recorded in Defendants' timekeeping systems, including hours worked over 40 in a week.

34. While Plaintiff does not maintain a record of her hours worked, Defendants maintained all of her time and pay records electronically and, therefore, can confirm the actual number of hours she worked in each workweek governed by this action and the pay she received for each such workweek.

35. Despite working more than 40 hours in a workweek, Defendants did not pay Plaintiff an overtime premium of at least one and one-half times her regular rate for all hours worked in a workweek over 40.

36. Defendants also did not pay all of Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center an overtime premium of at least one and one-half times their regular rate for all hours worked in a workweek over 40.

37. Both Defendant Medline and Defendant Veryable classify Plaintiff and all of Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center as an independent contractor for purposes of the federal overtime law.

38. However, Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center really are employees of Defendant Veryable and Defendant Medline.

39. Defendant Veryable has the authority to hire/fire, train, issue pay, discipline, schedule and perform all other duties generally associated with that of an employer with regard to Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center.

40. Defendant Medline hires/fires, trains, authorizes pay, supervises, directs, disciplines, and performs all other duties generally associated with that of an employer with

regard to Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center.

41. Additionally, Defendant Medline instructs Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center about when, where, and how they are to perform their work. In fact, Defendant Veryable's website provides that, "to ensure efficient turnaround time for each Op, you are encouraged to provide as much work instruction and guidance as possible."

42. Defendant Medline's control over Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center is so complete that they cannot even bring a water bottle into the facility unless it is authorized by Defendant Medline.

43. Other indices further underscore that Defendants act as an employer with respect to Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center:

　　a. Defendants require them to report to his/her assigned job site at a set time. Indeed, there is a group stand-up at the beginning of each shift at the Wilmer distribution center with Medline's employees for announcements and work assignments for the day;

　　b. Defendant Medline has established the required work procedures to be followed and the order and manner in which they perform the work;

　　c. Defendant Medline provides them the training and orientation necessary to perform the work;

　　d. Defendant Medline provides them all of the equipment, tools, and supplies necessary for them to complete the work, including the RF scanner,

Bluetooth headset, carts, lifts, reach trucks, electric pallet jackets, manual pallet jacks, tape, bags for shipping, and labels. Defendant Medline prohibits them from using their own tools and equipment;

e. They face termination if they fail to perform the work in the manner or with the proficiency required by Defendant Medline;

f. Their services are an integral part of Defendant Medline's operations;

g. They work side-by-side with Medline employees, reporting to the same managers, and are trained to perform the same work tasks;

h. Defendant Medline notified them that they are eligible to participate in the same bonus programs as Medline's other warehouse employees at the Wilmer distribution center;

i. Many of them, like Plaintiff, have worked for Defendants for long periods of time as is common with employees;

j. They are paid by the hour, not per the job or task. Defendants monitor their hours worked and Defendant Veryable deduct pays from them if they do not work at least an eight hours in a day; and

k. Defendants have the power to terminate their services at any time, for any or no reason, and without notice.

44. Additional indices further demonstrate that Defendants act as an employer with respect to Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center:

a. Like Plaintiff, they wear identification badges identifying them as "employees" and containing an employee identification number;

b. Defendants prohibit them from hiring their own helpers;

c. As evidenced by the duration of their relationship with Defendants, they are not hired to complete a specific task or project;

d. They are required to dedicate their full-time efforts;

e. They do not hold themselves out or advertise as independent businesses;

f. They are required to perform the work at the Wilmer distribution center;

g. They are required to use Defendant Medline's ProTrack electronic productivity and time recording system, and the "Jennifer" automated picking instruction system. Indeed, Defendant Medline can track their very location and whereabouts in the Wilmer distribution center while logged into ProTrack;

h. They do not submit invoices to Defendants in order to obtain payment;

i. Defendants' investment in the facilities, equipment, infrastructure, supplies, inventory, logistics, technology, taxes, licenses, insurance and other overhead and capital expenditures is immense relative to their negligible investment, which is limited to their labor;

j. Plaintiff and Class Members do not provide their own general liability, business liability, or workers' compensation insurance; and

k. There is no opportunity for them to profit from increased efficiencies or initiative as they are laborers paid by the hour and prohibited from hiring helpers.

45. Despite these facts, Defendants have improperly classified Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center as independent contractors and not as employees.

46. Defendant Veryable is as much an employer or joint employer of Plaintiff and

Class Members as Defendant Medline because, among other things, Defendant Veryable has had the power to hire and fire them, the right to control their conditions of employment, administer background checks, set their rates and method of pay, pays them and makes deductions from their pay, and maintains their employment records, including records of hours worked and pay records.

47. Defendants' violations of the FLSA has been "willful." One of the reasons that Defendants have classified Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center as independent contractors was to avoid having to pay them overtime compensation when they worked over 40 hours in a workweek.

48. Although Defendants suffered or permitted Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center to work more than 40 hours in a workweek before January 2019, Defendants did not pay them at least one and one-half times their regular rate for all hours worked in a workweek over 40.

49. Plaintiff and Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center are non-exempt employees entitled to overtime pay for hours worked in a workweek exceeding 40.

50. There is no overtime exemption under the FLSA that exempts Plaintiff or Defendant Veryable's other warehouse laborers at Defendant Medline's Wilmer distribution center from the FLSA's mandatory overtime provisions.

## VI. COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

52. During the period relevant to this action, Defendants have employed hourly-

paid employees other than Plaintiff who are similarly situated to Plaintiff in that they have been employees under the FLSA, were paid hourly, performed the same or similar work, and were denied overtime premiums.

53. These other employees, identified herein as Class Members, are warehouse laborers placed by Defendant Veryable (or any other labor placement firm) at Defendant Medline's Wilmer, TX distribution center who within the preceding three years worked over 40 hours in a workweek, were paid by the hour, and did not receive an overtime premium of at least one and one-half times his/her regular rate for hour all hours worked over 40 in a workweek.

54. Like Plaintiff, during the relevant time period, Defendants suffered, permitted, or required Class Members to work in excess of 40 per workweek without paying overtime compensation.

55. Like Plaintiff, during the relevant time period, Class Members worked for Defendants in excess of 40 hours during a workweek.

56. Like Plaintiff, during the relevant time period, Class Members were warehouse laborers.

57. Like Plaintiff, during the relevant time period, Class Members obtained work at Defendant Medline's Wilmer, TX distribution center by virtue of Defendant Veryable or other labor placement firm.

58. Like Plaintiff, during the relevant time period, Class Members were paid by the hour;

59. Like Plaintiff, during the relevant time period, Class Members were misclassified as independent contractors.

60. Like Plaintiff, during the relevant time period, Class Members were subject to

the same pay practice that did not pay them an overtime premium when they worked over 40 hours in a workweek.

61. Like Plaintiff, during the relevant time period, Defendants maintain their employment records, determined their rates and methods of pay, had the right to supervisor or control the terms of employment, and had the power to hire and fire them.

62. Defendants' failure to pay overtime compensation at the rates required by the FLSA resulted from generally applicable practices or policies and did not depend on the personal circumstances of the Class Members.

63. Plaintiff's experience is typical of the experience of Class Members.

64. All Class Members are entitled to overtime compensation for hours worked in excess of 40 during any workweek during the relevant period.

65. Although the issue of damages may be individual in character, there remains a common nucleus of facts regarding liability that supports collective action treatment.

66. The Class Members are similar to Plaintiff in that they all worked at Defendant Medline's Wilmer distribution center was warehouse laborers, were hourly paid, and denied the payment of an overtime premium when they worked over 40 hours in a workweek.

67. Class Members, if notified about this action and offered an opportunity to opt-in, are likely to join this action because they too were denied overtime compensation by Defendants' intentional FLSA violations and they have suffered similar harm as Plaintiff.

## VII. CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

68. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

69. During the two-year and three-year limitations period preceding this action,

Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him and them for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he and they were employed. Defendants acted willfully in failing to pay Plaintiff and Class Members in accordance with the FLSA.

## VII. CONDITIONS PRECEDENT

70. All conditions precedent have occurred or been performed.

## VIII. JURY DEMAND

71. Plaintiff and Class Members hereby demand a jury on all issues appropriate for determination by a jury.

## IX. RELIEF SOUGHT

72. WHEREFORE, cause having been shown, Plaintiff Sharon Scott, individually and on behalf of others similarly situated, prays for judgment against Defendants, jointly and severally, seeks the following relief:

   a. For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for back wages due to Plaintiff (and those individuals who file a consent form to participate in this action), and for liquidated damages equal in amount to the back wages compensation found due to Plaintiff (and those individuals who file a consent form to participate in this action); and

   b. For an Order awarding Plaintiff (and those individuals who file a consent form to participate in this action) the costs of this action; and

   c. For an Order awarding Plaintiff (and those individuals who file a consent

form to participate in this action) attorneys' fees; and

d. For an Order awarding Plaintiff (and those individuals who file a consent form to participate in this action) pre-judgment and post-judgment interest, as allowable under law, at the highest rates allowable by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_____
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel. (214) 303-1022
Fax (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF AND OPT INS